UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WARE,
       Petitioner,

v.

DAVE SHAVER,
       Respondent.

Case Nos. 22-cv-13034
Honorable Shalina D. Kumar
Mag. Judge Anthony P. Patti

## OPINION AND ORDER

Petitioner Michael Ware filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* ECF No. 1. Ware, who is proceeding *pro se*, challenges the revocation of his parole. The Court dismisses the petition without prejudice because Ware failed to exhaust his state court remedies. The Court also denies a certificate of appealability and denies Ware leave to proceed on appeal *in forma pauperis.*

I.

Ware was charged with violating a condition of his parole based on his conduct on April 19, 2022. ECF No. 1, PageID.15. He states that a video hearing was held on April 26 and May 13, 2022. *Id.* On June 1, 2022,

an administrative law examiner held that Ware violated certain conditions of his parole. *Id.* His parole was revoked.

Ware seeks habeas corpus relief on the grounds that the parole revocation proceedings (i) violated his right to confront witnesses against him and to present witnesses in his defense, and (ii) violated equal protection because he was treated differently from others similarly situated.

II.

After a petition for writ of habeas corpus is filed, the Court must undertake preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); Rule 4, Rules Governing § 2254 Cases.

A state prisoner seeking federal habeas relief under 28 U.S.C. § 2241 must exhaust available state court remedies before raising a claim in federal court. *Winburn v. Nagy*, 956 F.3d 909, 913 (6th Cir. 2020). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See Baldwin v. Reese*, 541

U.S. 27, 29-32 (2004). Exhaustion also requires that the petitioner invoke "one full round" of the state's appellate review process. *O'Sullivan*, 526 U.S. at 845. The petitioner bears the burden of proving exhaustion. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

In Michigan, a state prisoner may seek review of a parole revocation decision by filing a state complaint for the writ of habeas corpus. *Triplett v. Deputy Warden*, 142 Mich. App. 774, 779 (1985) (citing *In re Casella*, 313 Mich. 393 (1946)). If the circuit court denies the state habeas petition, the petitioner may appeal the denial to the Michigan Court of Appeals. *Jefferson v. Michigan Reformatory Warden*, No. 341955, 2018 WL 5276245, at *1, n.1 (Mich. Ct. App. Oct. 18, 2018). A prisoner who is unsuccessful in the Michigan Court of Appeals may apply for leave to appeal in the Michigan Supreme Court. *See* Mich. Ct. R. 7.303(B)(1).

Although Ware filed a prison grievance regarding the parole violation, he does not allege or show that he sought review in the Michigan Court of Appeals or the Michigan Supreme Court. Because Petitioner has an available procedure to raise his claims in the state appellate courts, the petition will be dismissed for failure to exhaust state court remedies.

III.

For the reasons stated, the Court concludes that Ware did not exhaust his claims in the state courts before proceeding on federal habeas review. Accordingly, the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

Before Ware may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85, (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P.

24(a).

**IT IS SO ORDERED.**

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: February 28, 2023